UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GERARDO L. LINARDUCCI ) | CASE NO. 25-03768-JMC-13 |
| ) | |
| Debtor. ) | |

## APPLICATION TO EMPLOY GARLAND, SAMUEL, & LOEB, P.C. AS DEBTOR'S COUNSEL EFFECTIVE AS OF THE PETITION DATE

Debtor, Gerardo L. Linarducci ("**Debtor**"), by proposed counsel, for his *Application to Employ Garland, Samuel, & Loeb, P.C. as Debtor's Counsel Effective as of the Petition Date* (the "**Application**"), states as follows:

### Jurisdiction, Venue, and Statutory Basis

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein are Sections 105(a) and 327 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule B-2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "**Local Rules**").

### Relief Requested

5. On June 27, 2025 (the "**Petition Date**"), the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code ("**Bankruptcy**").

6. Prior to the Petition Date, Debtor had previously employed Garland, Samuel, & Loeb, P.C. ("**GSL**") to provide legal services in relation to a grand jury investigation pertaining to Todd Burkhalter and Drive Planning, LLC and providing ancillary legal advice in the Bankruptcy ("**Matter**") pursuant to a written engagement agreement, under which Debtor paid GSL a pre-petition retainer of $25,000.00 ("**Retainer**"). GSL will represent Debtor in the Matter up to but not including an indictment. Services beyond the Matter will require a separate written agreement between Debtor and GSL.

7. The attorneys of GSL are admitted to practice in the Northern District of Georgia, will contemporaneously seek admission *pro hac vice* within the Southern District of Indiana, are familiar with Debtor's legal issues, have knowledge and experience relating to the matter, and are qualified to represent Debtor.

8. As of the Petition Date, the Debtor did not owe any amounts to GSL related to GSL's representation in the Matter or otherwise.

9. Neither GSL nor any partner, member, or employee thereof is a creditor, an equity security holder, or an insider of Debtor, except as disclosed in this Application.

10. Neither GSL nor any partner, member, or employee thereof is or was employed by Debtor or any such affiliate during the two (2) years prior to the Petition Date, including employment by an officer, director, shareholder, partner or limited partner of the Debtor, or any entity that has guaranteed an obligation of the Debtor or is liable on any obligation of the Debtor or pledged property to secure an obligation of the Debtor, except as disclosed in this Application.

11. Neither GSL nor any partner, member, or employee thereof have represented Debtor during the two (2) years prior to the petition, except in relation to the Matter. No amount is owed on Debtor's account for the representation, as of the Petition Date.

12. Neither GSL nor any partner, member, or employee thereof has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor, or for any other reason, except as disclosed in this Application.

13. To the best of Debtor's knowledge, GSL has not represented and does not have any relevant connections with Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

14. Based on a review of Debtor's creditors, GSL does not believe it has rendered services to any of Debtor's creditors or other parties in interest in matters related to or unrelated to this case. To the extent GSL has rendered services to any of Debtor's creditors or other parties in interest, in matters wholly unrelated to this case, in each case, the association is and will be completely unrelated to this case and the interest of Debtor.

15. Pursuant to the Bankruptcy Code and Rule B-2014 of the Local Rules and to the best of the undersigned counsel's knowledge, GSL does not have any connections with the Debtor, creditors, or interested parties in this bankruptcy case, except as disclosed in this Application.

16. In support of this Application, Debtor has attached hereto and incorporates herein by reference the *Affidavit of Amanda Clark-Palmer in Support of Application to Garland, Samuel, & Loeb P.C.* as Debtor's Counsel Effective as of the Petition Date as **Exhibit 1**.

17. In accordance with the Bankruptcy Code and Local Rules, the Debtor purposes to pay GSL on a monthly basis equal to 80% of GSL's fees and 100% of GSL's expenses until the Retainer is depleted without the need for GSL to file interim fee applications. Thereafter, all fees and expenses owed to GSL will be paid as an administrative expense through the Chapter 13 conduit. At the conclusion of the engagement, GSL will file a final fee application with the Court.

18. The standard hourly rates, effective as of January 1, 2025, charged by counsel at GSL is as follows:

    Amanda Clark-Palmer    Partner    $600.00

**WHEREFORE**, Gerardo L. Linarducci respectfully requests the Court enter an Order authorizing him to retain and employ the law firm of Garland, Samuel, & Loeb P.C. as his counsel in the Matter effective as of the Petition Date on the terms and conditions set forth herein, and granting Debtor all other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ <u>Harley K. Means</u>
Harley K. Means, Attorney No. 23068-32
Jason T. Mizzell, Attorney No. 30038-53
Ryan M. Murphy, Attorney No. 38288-49
KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317) 777-7439
hmeans@kgrlaw.com

*Counsel for Debtor*

# CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

- Jason T. Mizzell, jmizzell@kgrlaw.com; kwhigham@kgrlaw.com; cresler@kgrlaw.com; tfroelich@kgrlaw.com; kpeerman@kgrlaw.com
- Ryan Murphy, RMurphy@kgrlaw.com; kwhigham@kgrlaw.com; cresler@kgrlaw.com; dg@kgrlaw.com; sharding@kgrlaw.com
- Ann Delaney ECFdelaney@trustee13.com, ecfdelaney@gmail.com
- US. Trustee ustpregion10.in.ecf@usdoj.gov
- Ross M. Good, ross@thegoodlawgroup.com
- Shawn M. Good, info@thegoodlawgroup.com

I hereby certify that on August 18, 2025, a copy of the foregoing was mailed by United States mail to the following:

**Mailing Matrix attached as Exhibit 2 – parties who receive an electronic copy may not receive a paper copy**

 /s/ *Harley K. Means*
Harley K. Means