# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# Indianapolis Division

In re:

Gerardo Lorenzo Linarducci,             Case No. 25-03768-JMC-13

                                                           Chapter 13

           Debtor.

_____/

## U.S. SECURITIES AND EXCHANGE COMMISSION'S
## RESPONSE AND RESERVATION OF RIGHTS TO CHAPTER 13 PLAN

The U.S. Securities and Exchange Commission ("**SEC**") files this response and reservation of rights to the Debtor's Chapter 13 Plan (the "**Plan**") in order to: (i) preserve the SEC's right to commence a civil action or other proceeding against the Debtor in accordance with the "police and regulatory powers" exception to the automatic stay, 11 U.S.C. § 362(b)(4); and (ii) preserve the SEC's right to challenge the dischargeability of debts and/or the Debtor's right to a discharge in this Chapter 13 case.

1.     The SEC is the federal agency charged with regulating the securities markets and enforcing the federal securities laws. On August 13, 2024, the SEC filed a civil enforcement action against Drive Planning, LLC and Russell Todd Burkhalter, and certain relief defendants, in the United States District Court for the Northern District of Georgia, Case No. 1:24-cv-03583 (the "**Civil Action**"). The Civil Action arises from a Ponzi scheme conducted by the defendants, who sold more than $300 million in unregistered securities to more than 2,000 investors.

2.     The Debtor commenced this case by filing a voluntary Chapter 13 petition on June 27, 2025. The Debtor listed in his bankruptcy schedules certain individuals who purportedly invested in Drive Planning, describing the nature of their claims as "alleged non-

1

consumer debt." The Debtor also scheduled the SEC for "any and all potential liability from alleged non-consumer debt." (ECF No. 1 at p.30). In a subsequent court filing, the Debtor acknowledged that there may be as many as 2,500 Drive Planning investors who also "may be considered contingent, unliquidated and disputed unsecured creditors of the Debtor's bankruptcy estate." (ECF No. 8 at ¶4).

3. Since filing the Civil Action, the SEC has continued its investigation into whether certain other individuals and entities may have violated the federal securities laws in connection with Drive Planning, LLC. No additional defendants or relief defendants have been added to the Civil Action to date.

4. On July 28, 2025, the Debtor filed his Plan. Under the Plan, the Debtor proposes to make pro rata distributions to holders of unsecured claims. The Plan also contains a non-standard provision, stating that if a creditor obtains stay relief, then the creditor may obtain an allowed unsecured claim, but the Debtor's personal liability will be discharged once the Debtor obtains a discharge following completion of the Plan. (Plan at p.5).

## RESPONSE AND RESERVATION OF RIGHTS

5. The SEC's position is that any action or proceeding commenced against the Debtor would be an action to enforce the SEC's "police and regulatory powers" as a governmental unit, and thus, excepted from the automatic stay in accordance with Section 362(b)(4). 11 U.S.C. § 362(b)(4); See also SEC. v. Bluestein, No. 09-13809, 2011 WL 4043125 (E.D. Mich. Sept. 12, 2011); SEC v. Applegate, No. 1:05-CV-2363, 2006 WL 1005302 (N.D. Ohio Apr. 13, 2006); SEC v. Smith, No. C2-CV-04-739, 2005 WL 2875546 (S.D. Ohio Nov. 2, 2005). It is unclear, however, whether the Debtor agrees with this position. Thus, to the extent that the Debtor claims that an SEC action is stayed, or the SEC otherwise obtains stay relief in

this case, the Plan should not tie such stay relief to the Debtor's right to a discharge of the underlying claim.

6. In addition, the Debtor's ability to discharge any claims of the SEC cannot be determined at this time. First, the current deadline for the SEC to seek a determination as to the dischargeability of a debt is October 6, 2025. Moreover, if the Debtor were to owe a debt for the violation of the federal securities laws (or be a party to a pending proceeding in which he could be liable for such a debt), then the Debtor could be denied a Chapter 13 discharge. 11 U.S.C. § 1328(h); See also In re Sinclair, 556 B.R. 801 (Bankr. S.D. Tex. 2016) (denying debtor's Chapter 13 discharge in light of "bad acts" provision of Section 1328(h)).

WHEREFORE, the U.S. Securities and Exchange Commission respectfully requests that any Order confirming the Debtor's Plan, (i) preserve the SEC's right to commence a civil action or other proceeding against the Debtor in accordance with the "police and regulatory powers" exception to the automatic stay, 11 U.S.C. § 362(b)(4); and (ii) preserve the SEC's right to challenge the dischargeability of debts and/or the Debtor's right to a discharge in this Chapter 13 case; and provide such other relief as the Court deems appropriate.

Dated: August 27, 2025

        Respectfully submitted,

        */s/ David W. Baddley*
David W. Baddley, Esq.
Bankruptcy Counsel
Appearing Pursuant to Local Rule 9010-3(b)(3)
Tel: (404) 842-7625
Fax: (404) 842-7633
Email: baddleyd@sec.gov

COUNSEL FOR U.S. SECURITIES AND
EXCHANGE COMMISSION
Atlanta Regional Office
950 East Paces Ferry Road, Suite 900
Atlanta, Georgia 30326-1382

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Response and Reservation of Rights was served this 27th day of August, 2025, upon all ECF Participants via the Court's CM/ECF filing system, and upon the following by U.S. Mail:

Gerardo Lorenzo Linarducci
12162 Pearl Bay Ridge
Indianapolis, IN 46236

        */s/ David W. Baddley*