## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

IN RE:

GERARDO LORENZO LINARDUCCI,       CASE NO.  25-03768-JMC-13

     Debtor.

KENNETH D. MURENA,
in his capacity as court-appointed
Receiver of Drive Planning, LLC,

     Plaintiff,                  Adversary Proc. No.

v.

GERARDO LORENZO LINARDUCCI,

     Defendant.

## COMPLAINT TO EXCEPT DEBTS
## FROM DISCHARGE PURSUANT TO 11 U.S.C. §523

Comes now Kenneth D. Murena, as the Court-appointed receiver in the SEC Action (as defined herein) ("Plaintiff"), by counsel, and for his Complaint against Gerardo Lorenzo Linarducci, the debtor herein, to except a debt from discharge under 11 U.S.C. § 523(a)(2), (4), (6) and (19) and Federal Rule of Bankruptcy Procedure 4007, alleges as follows:

### THE PARTIES

1.    Plaintiff, Kenneth D. Murena, is the court-appointed Receiver of Drive Planning, LLC, appointed pursuant to the Order Appointing Receiver entered by the United States District Court for the Northern District of Georgia in *SEC v. Drive Planning, LLC, et al.*, Case No. 1:24-cv-03583-VMC (the "SEC Action"). Plaintiff maintains his principal office in Miami, Florida.

2.      Defendant, Gerardo Lorenzo Linarducci ("Debtor" or "Linarducci"), is an individual who, upon information and belief, resides at 12162 Pearl Bay Ridge, Indianapolis, Indiana.

3.      Debtor commenced this Chapter 13 case by filing a petition on June 27, 2025 (the "Petition Date").

## JURISDICTION AND VENUE

4.      This is an adversary proceeding under Part VII of the Bankruptcy Rules.

5.      This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157(b) and 1334.

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(I) and (0).

7.      Venue is proper in this judicial district under 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

8.      This action arises out of the massive Ponzi scheme orchestrated by Drive Planning, LLC ("Drive Planning") and its principals. From 2020 through 2024, Drive Planning misled more than 2,400 investors into investing approximately $380 million into a fraudulent real estate and tax lien investment scheme having many of the attributes of a classic Ponzi scheme. The Ponzi scheme is the subject of the pending SEC Action, which was filed on August 13, 2024.

9.      Linarducci was one of Drive Planning's most prolific agents and promoters. He received more than $5.9 million in commissions for soliciting investors into the scheme, making him the second-highest paid Drive Planning agent. Linarducci lured investors (often

unsophisticated individuals persuaded to borrow against retirement accounts or home equity) to place their savings into Drive Planning's fraudulent investment products.

10.    In addition to his substantial commissions, on July 10, 2023, Drive Planning diverted $1,920,535.75 of investor funds to enable Linarducci to purchase a residence located at 12162 Pearl Bay Ridge, Indianapolis, Indiana 46236 (the "Pearl Bay Property"). Although title to the Pearl Bay Property is in the name of Linarducci and his wife, the property is held in constructive trust for the benefit of Drive Planning's defrauded investors and the Receivership Estate.

11.    In the SEC Action, the United States District Court for the Northern District of Georgia has authorized the Receiver to pursue claims against Linarducci.

12.    The Receiver has filed two proofs of claim against the Debtor: Claim No. 25 for the ill-gotten commissions in the amount of $5,949,611.41, and Claim No. 26 for the diverted funds in the amount of $1,920,535.75 used to acquire the Pearl Bay Property (collectively, the "Debts").

13.    The Receiver brings this action to ensure that the Debts are not discharged and that Linarducci, as one of the principal beneficiaries of Drive Planning's fraudulent scheme, does not evade accountability through the bankruptcy process.

14.    The Receiver seeks a determination that the Debts, which arise from Linarducci's participation in the Drive Planning scheme and his receipt of investor funds, are non-dischargeable pursuant to the Bankruptcy Code.

**COUNT I**

**Exception from Discharge Under 11 U.S.C. § 523(a)(2)(A) – Money or Property obtained by False Pretenses, False Representations, or Actual Fraud**

15.     Plaintiff incorporates by reference the allegations of paragraphs 1-14 above as if set forth in full.

16.     The Debts are for money and property obtained by Linarducci by false pretenses, false representations, or actual fraud.

17.     The Debts were incurred by Linarducci through false pretenses, false representations, and actual fraud concerning the nature of Drive Planning's business, its financial condition, and the use of investor funds. Linarducci solicited investors into a scheme he knew, or should have known, was a Ponzi scheme, and he personally benefitted from their losses.

18.     The funds used to pay commissions to Linarducci and to purchase and maintain the Pearl Bay Property were obtained through materially false representations about Drive Planning's legitimacy, its ability to generate real returns, and its intended use of investor proceeds. Linarducci made, endorsed, or participated in these misrepresentations with the intent to induce reliance.

19.     Plaintiff and the defrauded investors reasonably relied on these representations and omissions in placing their funds with Drive Planning. But for Linarducci's false and misleading statements and participation in the scheme, such funds would not have been advanced or invested.

20.     As a result of Linarducci's actions and statements, the Debts owed to Plaintiff are for money and property obtained by false pretenses, false representations, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

21.     Accordingly, the Debts owed by Linarducci to Plaintiff should be excepted from any discharge Linarducci receives in this or any other bankruptcy case.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Debtor Gerardo L. Linarducci, granting the following relief:

a.     Judgment in favor of Plaintiff and against Debtor in the principal amount of at least $7,870,147.16, representing the fraudulent commissions of $5,949,611.41 plus $1,920,535.75 of diverted investor funds used to acquire the Pearl Bay Property;

b.     Pursuant to 11 U.S.C. § 523(a)(2), an order excepting Plaintiff's claims against Debtor from any discharge Debtor may receive in this or any other bankruptcy case;

c.     For pre-judgment and post-judgment interest on all amounts awarded to the maximum extent permitted by law;

d.     An award to Plaintiff of his attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e.     All other relief the Court deems just, appropriate, and equitable under the circumstances.

## COUNT II

### Exception from Discharge Under 11 U.S.C. § 523(a)(2)(B) - Money or Property Obtained by Use of Materially False Written Statements

22.     Plaintiff incorporates by reference the allegations of paragraphs 1-21 above as if set forth in full.

23.     Linarducci made, endorsed, or distributed numerous materially false and misleading written representations of material fact, concealments, and omissions relating to and concerning Drive Planning, its value, its financial condition, and the state of its business

operations, including, without limitation, the false and misleading representations, concealments, and omissions set forth in paragraphs above.

24.     During the course of promoting and selling Drive Planning's investment products, Defendant Gerardo Linarducci prepared, distributed, and used written solicitation materials, including emails, presentation decks, marketing brochures, and investor summaries (collectively, the "Solicitation Materials").

25.     These Solicitation Materials contained materially false statements concerning Drive Planning's business operations, financial condition, investment returns, and the use and safety of investor funds. Among other things, the Solicitation Materials represented that Drive Planning used a "proprietary algorithm" to generate consistent profits, that investor principal was secure and fully backed by real assets, and that funds were allocated to legitimate investment projects, when in fact Drive Planning was operating a Ponzi scheme.

26.     Linarducci knew or recklessly disregarded that these Solicitation Materials were false when made and that they materially misrepresented Drive Planning's financial condition and capacity to generate returns. He caused the Solicitation Materials to be distributed to induce investors to invest in Drive Planning and to rely upon such written misrepresentations.

27.     The Solicitation Materials distributed by Linarducci contained materially false and misleading representations relating to Drive Planning, its value, its financial condition, and the state of its business operations were false when made, and Linarducci knew they were false or acted in reckless disregard of their truth or falsity.

28.     The Solicitation Materials distributed by Linarducci were material to investors' decisions to invest in Drive Planning.

29.     Linarducci distributed the Solicitation Materials with the intent that investors rely on them, and investors did in fact rely on the Solicitation Materials.

30.     The investors in Drive Planning reasonably relied on the false and misleading Solicitation Materials distributed by Linarducci. As a result of Linarducci's distribution of the false and misleading Solicitation Materials, the investors were induced to invest in Drive Planning.

31.     The reliance  of investors on Linarducci's false and misleading representations and concealments was reasonable. As a result of Linarducci's false and misleading representations and concealments, investors were induced to invest in Drive Planning.

32.     As a direct and proximate result of Linarducci's distribution of the false and misleading Solicitation Materials, the Receivership Estate and investors suffered substantial damages, including but not limited to at least $1,920,535.75 in funds diverted to the purchase of the Pearl Bay Property and more than $5,949,611.41 in commissions fraudulently paid to Linarducci from investor funds.

33.     The Debts arising from Linarducci's distribution of the false and misleading Solicitation Materials are for money and property obtained by false pretenses, false representations, or actual fraud, within the meaning of 11 U.S.C. § 523(a)(2)(B).

34.     Accordingly, such debts should be excepted from any discharge Linarducci receives in this or any other bankruptcy case.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Debtor Gerardo L. Linarducci, granting the following relief:

a.      Judgment in favor of Plaintiff and against Debtor in the principal amount of at least $7,870,147.16, representing the fraudulent commissions of $5,949,611.41 plus $1,920,535.75 of diverted investor funds used to acquire the Pearl Bay Property;

b.      Pursuant to 11 U.S.C. § 523(a)(2)(B), an order excepting Plaintiff's claims against Debtor from any discharge Debtor may receive in this or any other bankruptcy case;

c.      For pre-judgment and post-judgment interest on all amounts awarded to the maximum extent permitted by law;

d.      An award to Plaintiff of his attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e.      All other relief the Court deems just, appropriate, and equitable under the circumstances.

## COUNT III

### Exception from Discharge Under 11U.S.C. § 523(a)(4) – Fraud or Defalcation while acting as a Fiduciary, Embezzlement or Larceny

35.      Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–34 above as if fully set forth herein.

36.      On information and belief, Defendant Gerardo Linarducci engaged in fraud, defalcation while serving in a fiduciary capacity, embezzlement, and/or larceny by knowingly, wrongfully, and intentionally diverting and retaining investor funds from Drive Planning for his own benefit. These actions included (a) the receipt of $5,949,611.41 in fraudulent commissions derived directly from investor contributions, and (b) the diversion of $1,920,535.75 of investor funds for the acquisition and maintenance of the Pearl Bay Property.

37.      Linarducci, as an agent and promoter of Drive Planning, owed fiduciary duties to investors and to the company. Instead, he abused his position of trust by concealing the true nature

of Drive Planning's operations and by knowingly inducing investments under false pretenses for his personal gain.

38.     By taking investor funds to enrich himself and to acquire the Pearl Bay Property, Linarducci committed acts of embezzlement and larceny within the meaning of 11 U.S.C. § 523(a)(4).

39.     As a result of Linarducci's wrongful conduct, he is indebted to Plaintiff for money obtained by fraud, defalcation while acting in a fiduciary capacity, embezzlement, and larceny. Such Debts should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Debtor Gerardo L. Linarducci as follows:

a.      Judgment in favor of Plaintiff and against Debtor in the principal amount of at least $7,870,147.16, representing the fraudulent commissions of $5,949,611.41 plus $1,920,535.75 of diverted investor funds used to acquire the Pearl Bay Property;

b.      Pursuant to 11 U.S.C. § 523(a)(4), an order excepting Plaintiff's claim against Debtor from any discharge Debtor receives in this or any other bankruptcy case;

c.      For pre-judgment and post-judgment interest on all amounts awarded to the maximum extent permitted by law;

d.      An award to Plaintiff of his attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e.      All other relief the Court deems just, appropriate, and equitable under the circumstances.

## COUNT IV

**Exception from Discharge Under 11 U.S.C. § 523(A)(6) – Willful and Malicious Injury**

40.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–39 above as if fully set forth herein.

41.    Defendant Gerardo Linarducci wrongfully, knowingly, intentionally, and deliberately caused willful and malicious injury to the investors of Drive Planning (and as a result the Receivership Estate created for their benefit) by diverting investor funds for his personal benefit, including (a) more than $5,949,611.41 in fraudulent commissions, and (b) $1,920,535.75 in investor funds used to acquire the Pearl Bay Property.

42.    Linarducci's conduct was not negligent or accidental. He knew that Drive Planning was operating as a fraudulent scheme, and he nonetheless actively promoted it, misled investors, and took millions of dollars that rightfully belonged to others. His intentional retention of those funds caused injury to investors and the Receivership Estate.

43.    As a result of Linarducci's wrongful, knowing, intentional, and deliberate actions, Linarducci is indebted to Plaintiff (on behalf of the Receivership Estate) for all sums wrongfully, knowingly, and/or intentionally taken, and such Debts constitute nondischargeable debts for "willful and malicious injury" within the meaning of 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Debtor Gerardo L. Linarducci as follows:

a.    Judgment in favor of Plaintiff and against Debtor in the principal amount of at least $7,870,147.16, representing the fraudulent commissions of $5,949,611.41 plus $1,920,535.75 of diverted investor funds used to acquire the Pearl Bay Property;

b.     Pursuant to 11 U.S.C. § 523(a)(6), an order excepting Plaintiff's claim against Debtor from any discharge Debtor receives in this or any other bankruptcy case;

c.     For pre-judgment and post-judgment interest on all amounts awarded to the maximum extent permitted by law;

d.     An award to Plaintiff of his attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e.     All other relief the Court deems just, appropriate, and equitable under the circumstances.

## COUNT V

**Exception from Discharge 11 U.S.C. 523 (a)(19)) – Unlawful Sale of Securities**

44.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–43 above as if fully set forth herein.

45.     The investment products marketed and sold by Drive Planning, including without limitation the so-called "R.E.A.L. Opportunity" and "R.E.A.L. Plan" promissory notes (collectively, the "Notes"), were "securities" as defined under applicable federal and state securities laws, including 15 U.S.C. § 77b(a)(1) and comparable provisions of the Indiana Uniform Securities Act.

46.     Upon information and belief, the Notes were not registered as securities with the Securities and Exchange Commission or with the Indiana Secretary of State, in violation of state and federal registration requirements.

47.     Pursuant to Ind. Code § 23-19-5-1 and 15 U.S.C. §§ 77e, 77q, it is unlawful for any person, directly or indirectly, to offer or sell securities (i) by employing any device, scheme, or artifice to defraud, (ii) by making untrue statements of material fact or omitting to state material facts necessary to make statements not misleading, or (iii) by engaging in a transaction, practice, or course of business that operates as a fraud or deceit upon the purchaser.

48.     Defendant Gerardo Linarducci, acting as one of the most prolific agents and promoters of Drive Planning, actively solicited investors into the fraudulent notes. In doing so, he made, endorsed, and repeated false and misleading representations of material fact, concealments, and omissions relating to Drive Planning, its business operations, its financial condition, and the promised "returns." These actions constituted violations of federal and state securities laws.

49.     By reason of these securities law violations, Plaintiff, as Receiver of Drive Planning, may rescind the transactions, void the investments, and recover from Linarducci the consideration paid for such securities, together with interest, court costs, and attorneys' fees pursuant to applicable law.

50.     As a result of Linarducci's conduct, including without limitation the unlawful sale of unregistered securities and fraudulent misrepresentations made to investors, the Debts of Linarducci to Plaintiff are nondischargeable pursuant to 11 U.S.C. § 523(a)(19).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Debtor Gerardo L. Linarducci as follows:

a.     Judgment in favor of Plaintiff and against Debtor in the principal amount of at least $7,870,147.16, representing the fraudulent commissions of $5,949,611.41 plus $1,920,535.75 of diverted investor funds used to acquire the Pearl Bay Property;

b.     Pursuant to 11 U.S.C. § 523(a)(19), an order excepting Plaintiff's claims against Debtor from any discharge Debtor may receive in this or any other bankruptcy case;

c.     For pre-judgment and post-judgment interest on all amounts awarded to the maximum extent permitted by law;

d.     An award to Plaintiff of his attorneys' fees, costs, and expenses incurred in prosecuting this action; and

e.    All other relief the Court deems just, appropriate, and equitable under the circumstances.

Dated:  October 6, 2025.

Respectfully submitted,

/s/ Adriana M. Pavon
Adriana M. Pavon
Florida Attorney No. 1025060
*Admitted Pro Hac Vice*
DAMIAN ǀ VALORI ǀ CULMO
1000 Brickell Avenue, Suite 1020
Miami, FL  33131
apavon@dvcattorneys.com
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

James P. Moloy
Attorney No. 10301-49
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 684-5000
Facsimile: (317) 684-5173
jmoloy@boselaw.com

*Attorneys for Kenneth D. Murena, Receiver*