UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 25-03768-JMC-13 |
| GERARDO LORENZO LINARDUCCI, ) | |
| ) | |
| ) | |
| Debtor. ) | |
| _____) | |

### DEBTOR'S BRIEF IN OPPOSITION TO THE RECEIVER'S MOTION FOR RELIEF FROM STAY

Debtor Gerardo Lorenzo Linarducci (the "**Debtor**" or "**Linarducci**"), by counsel, hereby submits his brief in opposition to the motion for relief from stay filed by the Receiver.

On November 19, 2025, Kenneth D. Murena, as the Court-appointed receiver ("**Receiver**") in *SEC v. Drive Planning, LLC, et al.*, Case No. 1:24-cv-03583 (N.D. Ga.) (the "**SEC Action**") filed a Motion for Relief from Automatic Stay ("**Motion**") which sought to lift the stay so that the Receiver can proceed with his constructive trust motion in the SEC Action and take action to recover property located at 12162 Pearl Bay Ridge, Indianapolis, Indiana 46236 ("**Real Estate**").

Because there is no cause to lift the automatic stay, the Court should deny the Motion.

### ARGUMENT

The Receiver has argued that the automatic stay should be lifted for cause to allow him to pursue his claims in the SEC Action. However, the Receiver has failed to establish cause to lift the stay, as there would be great prejudice to the Debtor and the

bankruptcy estate if the stay were lifted, and there is little hardship on the Receiver, as this Court is best-positioned to consider the Receiver's requested relief in a separate adversary proceeding.

## I. There is No Cause to Lift the Automatic Stay

"Cause" is not defined in the bankruptcy code, but the Seventh Circuit has provided a three factor test to aid bankruptcy courts in determining if cause exists to lift the automatic stay. Pursuant to this test, bankruptcy courts are to consider, at a minimum, whether:

> a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,
> b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and
> c) the creditor has a probability of prevailing on the merits.

*Matter of Fernstrom Storage & Van Co.,* 938 F.2d 731, 735 (7th Cir. 1991). "Whether to lift the stay is a decision committed to the bankruptcy court's discretion." *In re Stewart*, 649 B.R. 755, 759 (Bankr. N.D. Ill. 2023) citing *Colon v. Option One Mortg. Corp.*, 319 F.3d 912, 916 (7th Cir. 2003). The determination whether cause exists to lift the stay is a fact-intensive inquiry made on a case-by-case basis, each case must be viewed on the basis of its own particular facts, and there must be a balancing of the interest of the debtor with the interest of the creditor. *In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013) citing *Fernstrom*, 938 F.2d at 735, and *In re Nat'l Real Estate Ltd. P'ship II,* 87 B.R. 986, 990 (Bankr.E.D. Wis.1988).

### A. Lifting the Stay Would Greatly Prejudice the Bankruptcy Estate and the Debtor

Allowing the automatic stay to be lifted as it pertains to the Real Estate would allow the Receiver to proceed against the largest, most valuable component of the

2

bankruptcy estate. Contrary to the Receiver's assertions and Indiana law, the Real Estate has significant value to the bankruptcy estate and allowing the Receiver to proceed in the SEC Action would prejudice both the bankruptcy estate and the Debtor.

### 1. The Real Estate Is Valuable to the Bankruptcy Estate Because No Constructive Trust Exists Over the Property.

The Receiver's motion presupposes the existence of a constructive trust over the Real Estate yet no court has declared such a trust to exist. In accordance with Indiana law, absent the imposition of a constructive trust remedy, no trust over property exists.

Constructive trusts are "created by the courts." *Hall v. Indiana Dep't of State Revenue*, 170 Ind. App. 77, 79, 351 N.E.2d 35, 38 (1976) (superseded on other grounds by statute); accord *In re Nova Tool & Eng'g, Inc.*, 228 B.R. 678, 686 (Bankr. N.D. Ind. 1998) ("[T]his court concludes that, under Indiana law, a constructive trust is an equitable remedy that does not confer any property interest in the "beneficiary" until a court has created it by declaring such relief."). "[A] constructive trust is not a trust at all. It is, instead, 'merely a device used by the court to work out an equitable result in the simplest fashion.'" *In re Nova Tool & Eng'g, Inc.*, 228 B.R. at 682 (quoting Bogert, The Law of Trusts, § 471, p. 7 (2nd ed.1978)).

The Receiver's assertions that the Real Estate was "placed in a constructive trust" when funds were wired two years prior to the Petition Date is contrary to well-established Indiana law. The Receiver has not cited to an order in the SEC Action – or any other court – demonstrating that a constructive trust remedy has been imposed on the Real Estate. In fact, the court in the SEC Action entered orders with respect to other properties that explicitly did impose the constructive trust remedy. For example, in the SEC Action, the court's June 30, 2025 Order, it stated:

3

> FURTHER ORDERED that the Court DECLARES that any interest of Mark Paul Haye, Trustee of the Mark P. Haye Living Trust in the Haye Property is subject to a constructive trust in favor of the Receivership Estate as beneficiary relating back to the moment of acquisition of the Haye Property by Mark Paul Haye, Trustee of the Mark P. Haye Living Trust.

June 30, 2025 Order (ECF no. 152 at 19). Another example can be found in the July 2, 2025 Order:

> FURTHER ORDERED that the Court DECLARES that any interest of Julie Ann Edwards in the Edwards Property is subject to a constructive trust in favor of the Receivership Estate as beneficiary relating back to the moment of acquisition of the Edwards Property by Ms. Edwards.

July 2, 2025 Order (ECF No. 163 at 19). It has entered no such order with respect to the Real Estate. Absent such an order, there is no constructive trust over the Real Estate.

The Real Estate is valued at approximately $2,110,000.00 in the Debtor's schedules. It is the largest, most valuable asset of the bankruptcy estate. Additionally, the Debtor and his non-filing spouse have expended their own funds unrelated to the defendant in the SEC Action to maintain and improve the home. To allow the Receiver to lift the automatic stay and seek to impose a constructive trust remedy would therefore directly prejudice the bankruptcy estate, which owns the Real Estate, and the interests of the Debtor and his non-filing spouse who have improved the Real Estate.

### B. There is No Prejudice to the Receiver Because the Bankruptcy Court is Best Positioned to Determine if a Constructive Trust is Warranted

Underpinning all of the logic of the Receiver's motion is the idea that the Court in the SEC Action – the Northern District of Georgia District Court – is the court best positioned to make a determination as to the remedy of a constructive trust over the Real Estate. However, this Court is actually best positioned to hear the matter and the prejudice to the Receiver will be minimal, if any exists.

The Receiver asserts that there is already pending litigation to resolve this

4

matter; but what the Receiver does not say is that *the Debtor is not even a party to the Receivership matter*. See Exhibit A to the Motion, reflecting the parties to the SEC Action. Neither is the Debtor's non-filing spouse who owns an interest in the Real Estate and who, along with the Debtor, has expended money to improve and maintain the Real Estate. As discussed above, the court in the SEC Action has not imposed a constructive trust remedy on the Real Estate. The Real Estate itself is located in Indiana and is subject to Indiana law and no Indiana court has imposed a constructive trust either. As a result, it stands to reason that a court sitting in Indiana that is familiar with Indiana law and applying Indiana law is better positioned to determine whether a constructive trust under Indiana law exists than a court sitting in Georgia that likely has had little to no interaction with Indiana law.

As it stands today, the Debtor, the Real Estate, and the Receiver are all subject to this Court's jurisdiction and are parties to this case. The Debtor's non-filing spouse resides in Indiana and can more readily defend her interest in the Real Estate in a Court in Indiana rather than a Court in Georgia. This Court has undisputed, direct jurisdiction over the Real Estate and is empowered to determine if a constructive trust should be imposed as a remedy under Indiana law. See *In re Mississippi Valley Livestock, Inc.*, 745 F.3d 299, 307 (7th Cir. 2014) (remanded for lower courts to apply Illinois constructive trust law in bankruptcy). By allowing this Court to determine if the remedy of a constructive trust is appropriate, the Receiver would not need to obtain out-of-state jurisdiction over the Debtor or his non-filing spouse. The best, most expeditious, least prejudicial way to resolve the Receiver's claim for the imposition of the remedy of a constructive trust is for the Receiver to file an adversary proceeding and allow this Court

5

to make the determination.

## II.  The Chapter 13 Petition Was Filed in Good Faith, with the aim of Preserving Property Necessary for an Effective Reorganization

The Chapter 13 Petition was filed so that the Debtor can reorganize and pay his creditors, including the Receiver and those creditors the Receiver represents. The Receiver's assertions that the Petition was filed in bad faith are not supported by the objective evidence of the Debtor's conduct in this case.

At the 341 meeting of creditors, and in virtually every communication with other parties in this case, the Debtor has acknowledged that he will be obligated to pay the value of the Real Estate to the Receiver. The Debtor has to date made payments to the Trustee in the total amount of $6,100.00. See **Exhibit 1**, Chapter 13 Trustee Payment History. The Debtor's plan proposes to pay $2,000 per month, not including the proceeds of any liquidation of assets, reflecting his commitment to proposing a successful Plan of reorganization that meets his obligations under the bankruptcy code and pays his creditors. Debtor has begun evaluating personal property assets to liquidate to contribute money to the Plan to pay the Receiver and meet the liquidation test. Further, it is undisputed that under the liquidation test, Debtor must pay the value of the Real Estate, less a limited exemption, to his creditors including the Receiver. The Debtor's aim is to preserve the value of the estate, including his personal residence and his equity in the Real Estate, which is essential to any successful reorganization. In fact, the bankruptcy estate and its creditors would be better off if the Debtor is able to pay his creditors the value of the Real Estate, rather than a forced sale of the Real Estate that may not yield the best possible return to creditors.

The Receiver cites to *In re Posner* to stand for the proposition that objective indicators of bad faith include using the automatic stay as a litigation tactic with no legitimate bankruptcy purpose. (Motion, p. 9, citing *In re Posner*, 610 B.R 586, 591 (Bankr. N.D. Ill. 2019)). The Receiver contends that the limited number of creditors on Debtor's schedules – most of whom are creditors that the Receiver represents – show that the Debtor's objective intent in filing the bankruptcy is solely a litigation tactic. However, the Receiver's assertion ignores "[t]he most obvious legitimate purpose" for the filing of the bankruptcy: reorganization of the Debtor's financial affairs. *In re Schlangen*, 91 B.R. 834, 838 (Bankr. N.D. Ill. 1988). Debtor has consistently acknowledged his intent to pay the Receiver and the creditors that the Receiver represents – and while his intent is subjective, his objective efforts to discuss the formulation of a confirmable plan with his creditors, as well as his ongoing payments to the Chapter 13 trustee, demonstrate that this bankruptcy case was filed in the good faith intent and legitimate bankruptcy purpose of reorganizing his financial affairs and paying his creditors.

## **CONCLUSION**

Accordingly, because there is no cause for relief from stay, Debtor Gerardo Lorenzo Linarducci asks that the Receiver's *Motion for Relief from Stay* be denied, that the Court set this matter for a hearing at some time other than the Court's regular Chapter 13 matter calendar, and for all other proper relief.

Date:  December 3, 2025              Respectfully submitted,

*/s/ Jason T. Mizzell*
Harley K. Means, Attorney No. 23068-32
Jason T. Mizzell, Attorney No. 30038-53

7

Ryan M. Murphy, Attorney No. 38288-49
KROGER, GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125
(317) 692-9000 (telephone)
(317) 264-6832 (fax)
hmeans@kgrlaw.com
jmizzell@kgrlaw.com
rmurphy@kgrlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

- Jason T. Mizzell, jmizzell@kgrlaw.com; kwhigham@kgrlaw.com; cresler@kgrlaw.com; tfroelich@kgrlaw.com; kpeerman@kgrlaw.com
- Ryan Murphy, RMurphy@kgrlaw.com; kwhigham@kgrlaw.com; cresler@kgrlaw.com; dg@kgrlaw.com; sharding@kgrlaw.com
- Ann Delaney ECFdelaney@trustee13.com, ecfdelaney@gmail.com
- U.S. Trustee ustpregion10.in.ecf@usdoj.gov
- Ross M. Good, ross@thegoodlawgroup.com
- Shawn M. Good, info@thegoodlawgroup.com
- David Baddley, baddleyd@sec.gov
- Amanda Clark Palmer, aclark@gsllaw.com
- James P Moloy, jmoloy@boselaw.com
- Adriana M. Pavon, apavon@dvcattorneys.com

I hereby certify that on December 3, 2025, a copy of the foregoing was mailed by United States mail to the following:

**None**

                                                         /s/ *Jason T. Mizzell*
                                                          Jason T. Mizzell