UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GERARDO LORENZO LINARDUCCI, | ) Case No. 25-03768-JMC-7 |
| | ) |
| Debtor. | ) |
| _____ | ) |

**MOTION TO APPEAR AND SHOW CAUSE AS TO WHY THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION SHOULD NOT BE HELD IN CONTEMPT FOR A WILLFUL VIOLATION OF THE AUTOMATIC STAY**

Gerardo Lorenze Linarducci ("**Debtor**"), by, counsel, moves the Court for an order directing the United States Securities and Exchange Commission ("**SEC**"), to appear and show cause why the SEC should not be held in contempt and sanctioned for a willful violation of the automatic stay as a result of its filing a Complaint against Debtor in the United States District Court for the Northern District of Georgia under Case No. 1:25-cv-07284-VMC on December 19, 2025 ("**SEC Action**") seeking monetary damages for disgorgement and civil penalties from Debtor. In support of this Motion, Debtor states as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein including but are not limited to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**").

5. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Debtor consents to the entry of final orders or judgment by this Bankruptcy Court.

## FACTUAL BACKGROUND

6. On June 27, 2025 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code initiating the above captioned bankruptcy (the "**Bankruptcy Case**").

7. After the Petition Date, on October 7, 2025, Kenneth D. Murena, court-appointed Receiver for Drive Planning, LLC pursuant to the *Order Appointing Receiver* entered by the United States District Court for the Northern District of Georgia in *SEC v. Drive Planning, LLC, et al.*, Case No. 1:24-cv-03583-VMC (the "**Receivership Action**"), filed Adversary Proceeding No. 25-50110 against Debtor (the "**Adversary Proceeding**").

8. After the Petition Date, on December 19, 2025, the SEC filed its Complaint in the SEC Action ("**SEC Complaint**") seeking monetary damages for disgorgement and civil penalties from Debtor. A true and accurate copy of the SEC Complaint is attached as **Exhibit A**.

9. The Complaint requests Debtor "disgorge all ill-gotten gains . . . from the illegal conduct alleged"[1] and "pay civil penalties"[2] associated with the charges alleged by the SEC.

## LAW AND APPLICATION

10. Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of "the commencement or continuation, including

---

[1] See Exhibit A, pg. 37, ¶ 3
[2] See Exhibit A, pg. 37, ¶ 4

the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

11. Section 362(b)(4) of the Bankruptcy Code provides an exception to the automatic stay for the following:

> of the commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's … police or regulatory power.

12. The Seventh Circuit has noted that the legislative history of Section 362(b)(4) of the Bankruptcy Code assists in determining the scope of the exception:

> Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

*Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542, 554-55 (7th Cir. 1985) (citing S.Rep. No. 989, 95th Cong., 2d Sess. 52 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5838).

13. Further, the Seventh Circuit has upheld limitations on the governmental exception to the automatic stay, stating "[t]his exception has been narrowly construed to apply to the enforcement of state laws affecting health, welfare, morals and safety, but not to regulatory laws that directly conflict with the control of the *res* or property by the bankruptcy court.'" *In re Fulton*, 926 F.3d 916, 929 (7th Cir. 2019).

14. The Court in *Fulton* applied two (2) tests to determine whether a governmental action falls within the governmental exception to the automatic stay: (1) the pecuniary purpose of the test; and (2) the public policy test, determining that "[s]atisfying either test is sufficient for the exception to apply." *Id.* at 929.

A. **Pecuniary Purpose Test**

15. "The pecuniary purpose test requires the court to "look to what specific acts the government wishes to carry out and determine if such execution would result in an economic advantage over third parties in relation to the debtor's estate." *Id.* at 929-30. "[I]f the focus of the police power is directed at the debtor's financial obligations rather than the [government's] health and safety concerns, the automatic stay is applicable." *Id.* at 930.

16. In *Cash Currency Exchange, Inc. v. Shine* (*In re Cash Currency Exchange, Inc.*), 762 F.2d 542, 554-55 (7th Cir. 1985), the Seventh Circuit held that an action filed by the Illinois Director of Financial Institutions under the liquidation provisions of the Illinois Community Currency Exchange Act did not fall under the regulatory power exception to the automatic stay. *Id.* at 555.

17. Further, the *Cash* court stated that the State's liquidation proceeding did not fall within the realm of § 364(b)(4) for two reasons: (1) because the liquidation proceedings under the Community Currency Exchange Act served only to protect the rights of creditors, not to enforce laws affecting health, welfare, morals, and safety, and (2) because the liquidation procedures "directly conflict with the control of the property by the bankruptcy court." *Id.*

18. The SEC Complaint seeks disgorgement of funds allegedly obtained by the Debtor prior to the Petition Date and disposition of Debtor's property, presumably for the benefit of creditors of the Debtor. The remedies sought in the SEC Complaint are not solely to enforce regulatory laws, but also to protect the rights of creditors, and therefore are directly in conflict with the Court's power, its control over estate property, and the purpose of the Bankruptcy Code. In the Prayer for Relief of the SEC Complaint, the SEC seeks the following:

   a. "Order Defendants to each disgorge all ill-gotten gains in the form of any benefits of any kind derived from the illegal conduct alleged in this Complaint, plus pay prejudgment interest thereon, pursuant to Sections 21(d)(3)(A)(ii), 21(d)(5) and 21(d)(7) of the Exchange Act [15 U.S.C. §§ 78u(d)(3), 78u(d)(5), and 78u(d)(7)"; and

   b. "Order Defendants to each pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] in an amount to be determined by the Court".

SEC Complaint, Prayer for Relief, ¶¶ 3 and 4.

19. Allowing the SEC to proceed with the SEC Complaint would also naturally divert considerable resources and future earnings of the Debtor from the estate. This would frustrate the purpose of bankruptcy as the Chapter 13 estate from which creditors may be paid includes both the Debtor's property at the time of his bankruptcy petition *and* any wages and property acquired after filing. See 1306(a) of the Bankruptcy Code. See *Fulton* at 926 (the purpose of a bankruptcy is "to allow the debtor to regain his financial foothold and repay his creditors").

20. Accordingly, the SEC cannot satisfy the standard of the pecuniary purpose test, because the relief that it seeks is squarely targeted at the Debtor's finances in the

form of civil penalties, disgorgement, or restitution as to creditors, contrary to the purpose of the Bankruptcy Code.

**B.    Public Policy Test**

21.    Alternatively, the public policy test examines whether the State's action is primarily to effectuate public policy or rather to adjudicate private rights. *Fulton* at 930.

22.    Courts have consistently upheld that the governmental exception to the automatic stay must prevent or stop an ongoing violation of applicable law and not just protect the rights of creditors. See *In re Mewborn*, 367 B.R. 529, 534 (Bankr. D.N.J. 2006) (police power exception does not apply because the government is not attempting to prevent or stop a fraud). See also *Illinois Dept. of Public Aid v. Ellis (In re Ellis)*, 66 B.R. 821, 822 (N.D. Ill. 1986) (denying application of police power exception when enforcement action came four years after alleged violations ended, exception intended to stop ongoing or continuing frauds or prevent them).

23.    Here, there is no conduct to prevent or stop that would warrant exception under the Public Policy Test as Debtor resigned from Drive Planning in August 2024, is no longer participating in the alleged unlawful conduct, and would consent to an injunction prohibiting him from participating in the alleged unlawful conduct in the future.[3]

24.    Further, the Public Policy Test exception is to be narrowly construed and should not interfere with the property of the estate. See *S.E.C. v. Brennan*, 230 F.3d at 75 (SEC's attempts to obtain repatriation of a trust outside of bankruptcy court were stayed as property was the *res* of the estate).

---

[3] See Exhibit A, pg. 5, ¶ 19

## **THE POLICE AND REGULATORY POWER EXCEPTION IS NOT APPLICABLE**

25. As demonstrated by various pleadings and documents filed in the Bankruptcy Case by the SEC and Kenneth D. Murena, as Receiver in the Receivership Action ("**Receiver**"), it is undisputed that both the SEC and Receiver were aware of this Bankruptcy Case prior to filing the SEC Action.[4]

26. For the reasons above, the SEC cannot satisfy the Pecuniary Purposes Test or the Public Policy Test of the police and regulatory power exception to the automatic stay.

27. The Debtor is not presently selling securities or participating in any of the conduct alleged in the SEC Complaint and would consent to an injunction preventing him from participating in similar conduct in the future.

28. Accordingly, the police and regulatory power exception to the automatic stay found in 11 U.S.C. § 362(b)(4) does not apply to the SEC Complaint.

## **PRAYER FOR RELIEF**

29. Debtor respectfully requests that the SEC be ordered to appear before this Court in person to appear and show cause why it should not be held in contempt for violating the automatic stay.

30. Debtor further requests that this Court determine that the police and regulatory power exception to the automatic stay found in 11 U.S.C. § 362(b)(4) is not applicable to the SEC Complaint.

---

[4] The SEC first appeared in this Bankruptcy Case by filing its Response and Reservation of Rights to Chapter 13 Plan (ECF No. 44) on August 27, 2025.  The SEC subsequently filed its Proof of Claim on December 22, 2025 (Claim No. 39-1).  The Receiver first appeared in this Bankruptcy Case by filing his Objection to Confirmation of Debtor's Chapter 13 Plan (ECF No. 45) on August 27, 2025. The Receiver filed his Proofs of Claim on September 3, 2025 (Claim Nos. 25-1 and 26-1).

**WHEREFORE,** the Debtor respectfully requests that the Court order the SEC to appear in person and show cause why it should not be held in contempt, determine that the police and regulatory power exception to the automatic stay is inapplicable to the SEC Complaint, enter a monetary sanction against the SEC for its willful violation of the automatic stay, and all other just and proper relief.

**Respectfully submitted,**

By: /s/ Harley K. Means
Harley K. Means, Atty # 23068-32
Jason T. Mizzell, Atty # 30038-53
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
317-692-9000 - phone
hkm@kgrlaw.com
jtm@kgrlaw.com

*Attorneys for Debtor,*
*Gerardo Lorenzo Linarducci*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

- Harley K. Means, hkm@kgrlaw.com; kwhigham@kgrlaw.com; cresler@kgrlaw.com; kpeerman@kgrlaw.com; tfroelich@kgrlaw.com
- Jason T. Mizzell, jmizzell@kgrlaw.com; kwhigham@kgrlaw.com; cresler@kgrlaw.com; tfroelich@kgrlaw.com; kpeerman@kgrlaw.com
- Ryan Murphy, RMurphy@kgrlaw.com; kwhigham@kgrlaw.com; cresler@kgrlaw.com; dg@kgrlaw.com; sharding@kgrlaw.com
- Ann Delaney ECFdelaney@trustee13.com, ecfdelaney@gmail.com
- U.S. Trustee ustpregion10.in.ecf@usdoj.gov
- Ross M. Good, ross@thegoodlawgroup.com
- Shawn M. Good, info@thegoodlawgroup.com
- David Baddley, baddleyd@sec.gov
- Amanda Clark Palmer, aclark@gsllaw.com
- James P Moloy, jmoloy@boselaw.com
- Adriana M. Pavon, apavon@dvcattorneys.com

I hereby certify that on February 16, 2026, a copy of the foregoing was mailed by United States mail to the following:

**None**

/s/ *Harley K. Means*
Harley K. Means