**SO ORDERED: March 13, 2026.**



James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| GERARDO LORENZO LINARDUCCI, | ) Case No. 25-03768-JMC-13 |
| | ) |
| Debtor. | ) |
| | ) |

### ORDER REGARDING RECEIVER'S MOTION FOR RELIEF FROM STAY

THIS MATTER comes before the Court on the *Motion for Relief from Automatic Stay (With Waiver of Deadlines in 11 U.S.C. § 362(e))* filed by Kenneth D. Murena, as the court-appointed receiver ("Receiver") in the SEC Action (as that term is defined below), on November 19, 2025 (Docket No. 77) (the "Motion"). The Court, having reviewed the Motion, the *Brief in Support of Receiver's Motion for Relief from Automatic Stay (With Waiver of Deadlines in 11 U.S.C. § 362(e))* filed by Receiver on November 19, 2025 (Docket No. 78), the *Objection to Motion for Relief from the Automatic Stay* filed by Gerardo Lorenzo Linarducci ("Debtor") on December 3, 2025 (Docket No. 79), *Debtor's Brief in Opposition to the Receiver's Motion for Relief from Stay* filed on December 3, 2025 (Docket No. 80) and the *Notice of Filing*

*Declaration in Support of Receiver's Motion for Stay Relief (Doc. 77)* filed by Receiver on January 26, 2026 (Docket No. 93) (the "Declaration") and the documents attached thereto, having heard the representations of Receiver, Receiver's counsel and Debtor's counsel at a hearing on January 29, 2026, having reviewed *Receiver's Supplemental Brief in Support of Stay Relief Motion (Doc. 77) Regarding Legal Bases for Claims, Standing of Receiver, and Effect of Bankruptcy on the Receiver's Constructive Trust Remedy* filed on February 11, 2026 (Docket No. 95) (the "Supplemental Brief"), having heard the representations of Receiver's counsel and Debtor's counsel at a hearing on February 18, 2026, and being otherwise duly advised, now GRANTS the Motion as follows:

<u>Background</u>

In the Motion, Receiver recites these alleged background "facts", which Receiver supported with his Declaration:

5. Prior to the Petition Date, the Debtor was a high-level agent of Drive Planning, LLC ("Drive Planning"). On August 13, 2024, the Securities and Exchange Commission ("SEC") filed an action against Drive Planning alleging a massive Ponzi scheme, and such action is pending in the United States District Court for the Northern District of Georgia as *SEC v. Drive Planning, LLC, et al.,* Case No. 1:24-cv-03583 (N.D. Ga.) (the "SEC Action").

6. On August 13, 2024, the District Court in the SEC Action appointed [Receiver] as the [r]eceiver over Drive Planning and all assets owned by, or purchased with funds derived from investors or clients of, Drive Planning.

7. The Debtor and his wife, Jennifer Jones Linarducci, hold bare legal title to and reside in a $2 million home located on Geist Reservoir at 12162 Pearl Bay Ridge, Indianapolis, Indiana 46236 (the "Property"), which they acquired on July 10, 2023.

8. During his investigation, the Receiver discovered that proceeds of the Ponzi scheme orchestrated by Drive Planning and its agents, specifically the sum of $1,920,535.75, were wired to a closing agent on July 10, 2023, and used by the Debtor to purchase the Property.

9. On June 12, 2025, in order to recover the Property for the benefit

of the receivership estate, the Receiver filed a Motion for Turnover of and Imposition of Constructive Trust on Real Property in Indiana Traceable to Drive Planning, LLC and Request for Expedited Relief (the "Constructive Trust Motion") in the SEC Action.

(Motion, ¶¶ 5-9.[1])

## The Request for Relief

By the Motion, Receiver asks the Court to modify the stay of 11 U.S.C. § 362[2] to allow Receiver to continue to prosecute the Constructive Trust Motion in the District Court to recover the Property for the benefit of defrauded investors.

The Motion asserts a different "cause" for modification of the stay than is normally asserted. Usually, a movant asserts that a debtor has not provided adequate protection of the movant's interest, usually a lien, in property being used by a debtor in possession of bankruptcy estate property. Here, the Motion asserts that the Property is not (and never was) property of Debtor or Debtor's bankruptcy estate when this bankruptcy case was commenced on June 27, 2025 (the "Petition Date").

Receiver contends that there is no stay applicable to Receiver's assertions of Receiver's *in rem* rights of ownership of the Property and Receiver's efforts to recover the Property. Receiver argues that the Property, as properly considered and adjudged by a court of competent jurisdiction applying applicable non-bankruptcy law to the material facts and circumstances, belongs to Receiver, not Debtor. Moreover, says the Receiver, the Property belonged to Receiver since Debtor purportedly acquired by the Property on July 10, 2023, long before the Petition Date.

---

[1]   A copy of the Constructive Trust Motion is attached to the Motion as Exhibit A.

[2]   Unless otherwise noted, all statutory references herein are to the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

Receiver explained more fully the legal basis of his contention in the Supplemental Brief. In essence, Receiver argues that his position regarding ownership of the Property is based on (1) prior orders entered by the Receivership Court (the "Prior Orders"); and (2) applicable state constructive trust law and related principles.

<u>Prior Orders</u>

In support of Receiver's Motion, Receiver filed his Declaration. In the Declaration, Receiver sets out the following contentions regarding Prior Orders:

> 21. The Receivership Order defines "Receivership Assets" and "Recoverable Assets" to include, among other things, "all assets of Drive Planning, LLC ("Receivership Assets") and the assets of Defendant Burkhalter and the Relief Defendants that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; and/or (c) may otherwise be includable as assets of the estates of the Defendants (collectively, the "Recoverable Assets")". *See* Receivership Order at pp. 1-2.
>
> 22. All Receivership Assets and Recoverable Assets are subject to the exclusive jurisdiction of the United States District Court for the Northern District of Georgia. *See id.* at p. 2.
>
> 23. The Receivership Order further authorizes the Receiver to locate, marshal, and recover all property interests of whatever kind and wherever situated that Drive Planning owns, possesses, has a beneficial interest in, or controls directly or indirectly, including real property purchased with investor funds, regardless of the nominal titleholder. *See id.* at pp. 1-2.
>
> 24. The Pearl Bay Residence falls within the definition of Receivership Assets and/or Recoverable Assets under the Receivership Order because it was acquired using funds traceable to Drive Planning investor deposits and was purchased for the personal benefit of a Drive Planning managing partner without any written loan agreement, promissory note, or evidence of repayment obligations. *See id.*

(Declaration, ¶¶ 21-24.)

In addition, in the Constructive Trust Motion, Receiver asserts that the Prior Orders entered before the Petition Date by the Receivership Court establish Receiver's pre-petition

ownership of the Property. Receiver makes such assertions in section III.a ("The Court Has Jurisdiction Over the Linarducci Property") at pp. 4-6 and section III.c ("Court Orders Require Turnover of Linarducci Property to Receiver") at pp. 8-12 of the Constructive Trust Motion. Therefore, in addition to his argument for imposition of a constructive trust, Receiver asserts that the Prior Orders establish his ownership rights and negate Debtor's claim of ownership of the Property.

Constructive Trust Assertions

In the Supplemental Brief, Receiver contends that (1) under applicable " 'constructive trust law', a constructive trust is imposed by operation of law upon [the Property] acquired with fraudulently obtained funds at the time of the acquisition in favor of the defrauded parties" and (2) the Property "acquired through fraud is not property of the bankruptcy estate". (Supplemental Brief, p. 2.) Receiver asserts that:

> While the Debtor holds bare legal title, the equitable ownership in the Property rests with the Receivership Estate, which was established well before the petition date for the benefit of defrauded investors whose funds were used to purchase the Property. In particular, a constructive trust arose **by operation of law** at the moment investor funds were fraudulently misappropriated and used to acquire the Property, such that equitable title never vested in the Debtor and, as such, the Property never became property of the bankruptcy estate. As a result, the Property is held in constructive trust for the benefit of the defrauded investors, and the Receivership Court, pursuant to the foregoing legal principles and the Receivership Order, has jurisdiction to determine that such Property constitutes an asset of the Receivership Estate. As such, cause exists to lift the stay so the Receivership Court may apply applicable law and enforce its Order by adjudicating title ownership and rightful possession of the Property.

(Supplemental Brief, pp. 2-3.)

Reconciling Constructive Trust Principles with Bankruptcy

The Motion causes the Court to reconcile (1) the state law principles including constructive trust law that Receiver relies upon with (2) principles supporting and underlying Federal bankruptcy law.

Federal bankruptcy law, within its Congressionally mandated ambit, is preeminent over all contrary state law pursuant to Article I Section 8 of the United States Constitution and principles of Federal preeminence.  A bankruptcy court has exclusive and paramount *in rem* jurisdiction over all property of a debtor's bankruptcy estate established under § 541, wherever located.  One of the fundamental policies underlying bankruptcy is the goal of achieving equality of distribution among similarly situated creditors.  That policy mandates that all claims of unsecured creditors are treated the same with respect to distribution from property of a bankruptcy estate except those claims that fall within the expressly enumerated priority claim categories set forth in § 507.

Courts have had to reconcile bankruptcy and constructive trust principles in many different contexts and circumstances.  There are many decisions and much commentary by academics and others regarding the reconciliation of such principles and whether under the relevant facts and circumstances a constructive trust should be imposed post-bankruptcy to cause a non-priority unsecured creditor to achieve a fuller recovery than other similarly situated creditors.  For example, *see XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*, 16 F.3d 1443 (6th Cir. 1994) and *CRS Steam, Inc. v. Eng'g Resources, Inc. (In re CRS Steam, Inc.)*, 225 B.R. 833 (Bankr. D. Mass. 1998).

Receiver cites to an unpublished opinion by Bankruptcy Judge Lorch in *Friona Industries, L.P. v. Eastern Livestock Co., LLC*, Case No. 10-93904-BHL-11, Adv. Proc. No. 11-

59093.  (Supplemental Brief, pp. 19-20.)  In this Court's view, Judge Lorch got it right when he opined that the core task in reconciling whether a constructive trust assertion prevents property from becoming property of a debtor's bankruptcy estate is whether applicable law makes the imposition of a constructive trust (1) a <u>remedy</u> that takes effect only if and when a court of competent jurisdiction imposes such a trust (in which case bankruptcy should prevent the imposition of a trust); or (2) a <u>property</u> concept that causes equitable title to property to pass to a defrauded party at the moment the fruits of the fraud are used to acquire the property and before the bankruptcy is commenced (in which case bankruptcy should not prevent the imposition of a trust).

If, as contended by Receiver, applicable law (including constructive trust law) caused Debtor and his spouse[3] to acquire only "legal" title to the Property and prevented them from ever acquiring any "equitable interest", then the Property is not property of Debtor's bankruptcy estate per § 541(d).  But the critical time reference continues to be the status of ownership as of the Petition Date, not as it might later be reformed.

Because the Receivership Court is so deeply enmeshed in the entirety of the consequences of the action of Drive Planning and its agents, that court has parties before it that this Court does not have jurisdiction over, and that court is in the best position to interpret its Prior Orders, justice and judicial economy will be best served by having the Receivership Court decide the constructive trust and Prior Orders issues to determine the status of ownership of the

---

[3]  Had Debtor and his spouse acquired more than mere "legal" title to the Property, they would then have held the Property in a tenancy somewhat peculiar to the State of Indiana – tenancy by the entireties.  The concept of entireties property in Indiana includes the notion that while the married couple continue to own the real property, neither spouse has a separate cognizable ownership interest in the property. This concept raises interesting questions regarding whether and to what extent any interest in the Property would have been property of Debtor's bankruptcy estate had the couple acquired full ownership.  In that case and as a general matter, the Property would have been property of Debtor's bankruptcy estate if and only to the extent creditors exist with joint claims against Debtor and his non-filing spouse.

Property as of the Petition Date.

Therefore, the Court hereby GRANTS the Motion as follows:

The automatic stay is hereby MODIFIED to allow Receiver to resume litigation of and continue to prosecute the Constructive Trust Motion in the Receivership Court asking that court to make, among other things, the determination of whether, under applicable non-bankruptcy law (including the Prior Orders and constructive trust principles), Receiver is entitled to have a constructive trust imposed upon and to confirm that Receiver held full title to and owned the Property prior to and as of the Petition Date.

IT IS SO ORDERED.

# # #