SO ORDERED: March 25, 2026.



**James M. Carr**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

IN RE:                                                  )
                                                        )
GERARDO LORENZO LINARDUCCI,        )   Case No. 25-03768-JMC-13
                                                        )
                     Debtor.                     )
                                                        )
_____)

**ORDER ON MOTION TO APPEAR AND SHOW CAUSE AS TO WHY THE UNITED**
**STATES SECURITIES AND EXCHANGE COMMISSION SHOULD NOT BE HELD IN**
**CONTEMPT FOR A WILLFUL VIOLATION OF THE AUTOMATIC STAY**

THIS MATTER comes before the Court on the *Motion to Appear and Show Cause as to*

*Why the United States Securities and Exchange Commission Should Not be Held in Contempt for*

*a Willful Violation of the Automatic Stay* filed by Gerardo Lorenzo Linarducci ("Debtor") on

February 16, 2026 (Docket No. 96) (the "Motion"). The Court, having reviewed the Motion and

*U.S. Securities and Exchange Commission's Response to Debtor's Motion to Appear and Show*

*Cause for Willful Violation of the Automatic Stay* filed by the U.S. Securities and Exchange

Commission ("SEC") on March 19, 2026 (Docket No. 104), having heard the representations of

counsel for Debtor and counsel for SEC at a status conference on March 25, 2026 (the "Status

Conference"), at which no party requested an evidentiary hearing with respect to the Motion, and being otherwise duly advised, now RULES as follows:

On the record at the Status Conference, counsel for SEC assured Debtor and the Court that:

(1)     While the automatic stay is in effect, SEC will seek only to liquidate SEC's claim against Debtor with respect to the matters set forth in the *Complaint*[1] filed by SEC against Debtor in the United States District Court for the Northern District of Georgia, Case No. 1:25-cv-07284-VMC (the "Georgia Action").

(2)     If a monetary judgment is entered against Debtor in the Georgia Action, then SEC will amend its proof of claim in this case to reflect such monetary judgment, to the extent the bankruptcy case remains open.

(3)     SEC agrees that it cannot take action to collect from Debtor, outside of amending SEC's proof of claim, on any monetary judgment entered against Debtor in the Georgia Action while the automatic stay that arose in this case remains in effect, unless this Court modifies the stay to allow for such action.

Following such assurances, Debtor withdrew the Motion.

There will be no further proceedings with respect to the Motion.

IT IS SO ORDERED.

# # #

---

[1]     A copy of such complaint is attached to the Motion.